**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

| | |
|---|---|
| IMANUEL GAYLE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | CASE NO.: 4:15-CV-329 |
| ) | |
| FRONT PORCH TALLAHASSEE, LLC ) | |
| D/B/A THE FRONT PORCH; HUNTER ) | |
| AND HARP HOSPITALITY, L.L.C., AKA ) | |
| HUNTER & HARP HOSPITALITY, LLC ) | |
| ) | |
| Defendants. ) | |
| _____/ | |

## **C O M P L A I N T**

COMES NOW, the Plaintiff, IMANUEL GAYLE (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues FRONT PORCH TALLAHASSEE, LLC d/b/a THE FRONT PORCH and HUNTER AND HARP HOSPITALITY, L.L.C. aka HUNTER & HARP HOSPITALITY, LLC, (hereinafter collectively referred to as "Defendants"), and alleges:

JURISDICTION AND VENUE

1. This is an action to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA").

2. Jurisdiction is conferred upon this Court pursuant to Section 16(b) of the Act, 29 U.S.C. § 216(b).

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendant does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Plaintiff, IMANUEL GAYLE, was an employee of the Defendants during the three (3) years before the date on which this Complaint was filed, and worked for the Defendants at their restaurant in Pensacola, Escambia County, Florida.

5. Defendant, FRONT PORCH TALLAHASSEE, LLC, is a corporation duly licensed and organized under the laws of the State of Florida and is engaged in the business of operating a restaurant.

6. Defendant, FRONT PORCH TALLAHASSEE, LLC, owns and operates a restaurant in Tallahassee, Florida that currently transacts business under the name of The Front Porch and such is located at 1215 Thomasville Road, Tallahassee, Leon County, Florida 32503.

7. The Front Porch is a registered Fictitious Name in the State of Florida registered to Defendant FRONT PORCH TALLAHASSEE, LLC.

8. Defendant, HUNTER AND HARP HOSPITALITY, L.L.C. aka HUNTER & HARP HOSPITALITY, LLC, is a corporation duly licensed and organized under the laws of the State of Florida and is engaged in the business of managing and/or operating service industry businesses including, but not limited, restaurants.

9. Defendant, HUNTER AND HARP HOSPITALITY, L.L.C. aka HUNTER & HARP HOSPITALITY, LLC, manages, directs, and/or operates FRONT PORCH TALLAHASSEE, LLC d/b/a The Front Porch.

## FACTUAL ALLEGATIONS

10. The Defendant, FRONT PORCH TALLAHASSEE, LLC D/B/A THE FRONT PORCH (hereinafter "FRONT PORCH TALLAHASSEE, LLC"), is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

11. The Defendant, HUNTER AND HARP HOSPITALITY, L.L.C. aka HUNTER & HARP HOSPITALITY, LLC (hereinafter "HUNTER & HARP"), is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

12. Defendants own and/or operate a restaurant in Leon County, Florida under the name The Front Porch located at 1215 Thomasville Road, Tallahassee, Florida 32503.

13. The Defendants, as part of their business, would transact business with foreign corporations which were part of interstate commerce, would purchase restaurant equipment, furniture, food product, and supplies from wholesalers, dealers, and suppliers out of state which were part of interstate commerce, would advertise and solicit sales on the World Wide Web to potential clients and customers inside and outside of Florida, and would transact business across state lines, all of which are part of interstate commerce.

14. The Defendants' operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

15. The Defendant, FRONT PORCH TALLAHASSEE, LLC, has annual revenue of at least five hundred thousand dollars ($500,000.00).

16. The Defendant, HUNTER & HARP, has annual revenue of at least five hundred thousand dollars ($500,000.00).

17. Alternatively, if any individual Defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then all Defendants combined have annual revenues of at least five hundred thousand dollars ($500,000.00).

18. The Defendants control the day to day operations of FRONT PORCH TALLAHASSEE, LLC and are actively involved in the day to day operations of FRONT PORCH TALLAHASSEE, LLC including, but not limited to, matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals, marketing, setting menu prices, and other business operations.

19. Defendants supervise the operations of FRONT PORCH TALLAHASSEE, LLC including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

20. At all times material herein, Plaintiff was an employee of Defendant, FRONT PORCH TALLAHASSEE, LLC, within the meaning of the Act, 29 U.S.C. § 203(e)(1).

21. At all times material herein, Plaintiff was an employee of Defendant, HUNTER & HARP, within meaning of the Act, 29 U.S.C. § 203(e)(1).

22. The Defendants hired the Plaintiff, IMANUEL GAYLE, in or about January 2015, to work for them at The Front Porch located at 1215 Thomasville Road, Tallahassee, Florida.

23. Plaintiff was an employee of the Defendants and worked as and performed the essential duties of a prep cook in the Defendants' restaurant including, but not limited to prepping and cooking food.

24. The Defendants controlled the Plaintiff's day to day activities, supervised, or had operational control over the Plaintiff.

25. At all times material herein, the Defendants each controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants each were responsible for hiring the Plaintiff, having the ability to terminate the Plaintiff, setting the Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, determining and assigning the Plaintiff's work duties, and supervising the Plaintiff.

26. The Defendants, each and jointly, had operational control over the Plaintiff.

27. The Plaintiff is an employee as defined under the meaning of FLSA.

28. The Defendants failed to pay the Plaintiff for each and every hour the Plaintiff worked for the Defendants.

29. The Defendants permitted the Plaintiff to work for them but did not pay him for all work that he performed for the Defendants.

30. The Plaintiff has not received wages or compensation for all hours that he worked for the Defendants. For example, the Defendants tendered the Plaintiff his paycheck, but said paycheck bounced, i.e. Defendants had insufficient funds available. As such, the Defendants have not paid the Plaintiff his wages earned and/or have tendered such to the Plaintiff late and have not paid liquidated damages in accordance with the Fair Labor Standards Act.

31. On average, the Plaintiff worked approximately forty-two (42) hours a week for the Defendants.

32. The FLSA mandates that an employer pay any employee at least the minimum wage for each hour worked.

33. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA.

34. The FLSA mandates an employer pay its employees time and a half (1 ½) for each and every hour worked in excess of forty (40) hours in a work week.

35. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty (40) hours at a rate not less than one and one-half times (1 ½) the regular rate of pay.

36. The Plaintiff regularly worked over forty (40) hours per week for the Defendants.

37. The Defendants were aware that the Plaintiff worked in excess of forty (40) hours in a work week.

38. Plaintiff was not paid overtime compensation for each and every hour that he worked over forty (40) hours in a work week.

39. Defendants knew and were aware at all times that Plaintiff regularly worked more than forty (40) hours per week without overtime compensation.

40. Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times his regular hourly rate for each hour worked in excess of forty in a work-week.

41. Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

42. The Defendants failed to maintain and preserve proper and adequate time records for the hours the Plaintiff worked for the Defendants.

43. The Plaintiff was an hourly employee.

44. The Plaintiff was a "non-exempt" employee of the Defendants.

45. The Defendants actions in failing to pay the Plaintiff the applicable minimum wage, as required by the FLSA, was willful and not in good faith.

46. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## COUNT I – FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

47. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

48. The Plaintiff is an employee within the meaning of the FLSA.

49. The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

50. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

51. Plaintiff GAYLE worked for the Defendants at their restaurant, The Front Porch, in Tallahassee, Florida from approximately January 2015 at least through June 2015.

52. Defendants failed and refused to compensate the Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

53. The Defendants were aware they had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

54. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

55. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

56. Because of Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

57. As a result of the unlawful acts of Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

B. Enter judgment for the Plaintiff declaring that the Defendants violated the provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay wages, as required by the FLSA, to Plaintiff or other employees in the future;

C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

D. Award Plaintiff an equal amount in liquidated damages;

E. Award Plaintiff reasonable attorney's fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just.

G. Plaintiff demands a trial by jury.

## COUNT II -
## FAILURE TO PAY OVERTIME UNDER THE FLSA

58. Plaintiff re-alleges and incorporates Paragraphs one (1) through forty-six (46) as if fully set forth and referenced herein.

59. The Plaintiff was an employee within the meaning of the FLSA.

60. The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

61. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

62. The Defendants employed Plaintiff in excess of forty (40) hours in each work-week without paying him at a rate of one and one half (1 ½) times his regular rate of pay for all hours worked in excess of forty in a work-week as required by the FLSA and thus have violated the Plaintiff's rights under § 207 of the FLSA.

63. At no time should the Plaintiff have been exempt from receiving overtime compensation under the FLSA.

64. As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half times his regular rate of pay for all hours he worked in excess of forty (40) hours for each week he was employed by the Defendants and for which he was not paid one and one half times (1 ½) his regular rate.

65. Defendants failed and refused to properly compensate the Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work week.

66. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

67. Because of Defendants' actions, Plaintiff has had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

68. As a result of the unlawful acts of Defendants', Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

    A.    Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

    B.    Enter judgment for the Plaintiff declaring that the Defendants violated the overtime provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay overtime compensation, as required by the FLSA, to Plaintiff or other employees in the future;

  C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

  D. Award Plaintiff an equal amount in liquidated damages;

  E. Award Plaintiff reasonable attorney's fees and costs of suit; and

  F. Grant such other and further relief as this Court deems equitable and just.

  G. Plaintiff demands a trial by jury.

## JURY TRIAL DEMANDED

DATED this 29th of June, 2015.

          Respectfully submitted,

          */s/ Jeremiah J. Talbott*
          JEREMIAH J. TALBOTT, ESQ.
          FL Bar No. 015484
          TYLER L. GRAY, ESQ.
          FL Bar No. 0059738
          Law Office of Jeremiah J. Talbott, P.A.
          900 E. Moreno Street
          Pensacola, Fla. 32503
          (850) 437-9600 / (850) 437-0906 (fax)
          *Attorneys for Plaintiff*
          jjtalbott@talbottlawfirm.com
          civilfilings@talbottlawfirm.com